UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. 5:12-cv-00324-FL

| | |
|---|---|
| MARILYN S. COOK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JOINT AGREED |
| ) | PROTECTIVE ORDER |
| BANK OF AMERICA CORPORATION ) | |
| and MERRILL LYNCH, PIERCE, ) | |
| FENNER & SMITH, INC. ) | |
| ) | |
| Defendants. ) | |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and consistent with the standards of *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988), and for good cause shown, the parties hereby stipulate the confidentiality of certain limited confidential and proprietary information which may be disclosed by Defendants, Bank of America Corporation and Merrill Lynch, Pierce, Fenner & Smith, Inc., specifically personnel information, account information, company financial information, and internal company documents regarding personnel decision making not generally known to the public. This order is also intended to preserve and maintain the confidentiality of certain limited personal, private information (such as medical information or financial information) regarding Plaintiff Marilyn S. Cook and/or current employees, former employees and customers of Defendants through the production of certain records by and between the parties during the course of discovery. Plaintiff's complaint has alleged that she was terminated as a result of sex and age discrimination and that her performance was good. Plaintiff's complaint has also alleged

1

that she was denied hiring because of her age and sex. The parties agree that good cause exists for this Agreed Protective Order to preserve the legitimate proprietary and privacy interests of sources of information that have not been released to the public and which the parties may mutually seek production of through their respective discovery requests. The Court specifically finds that good exists for this Agreed Protective Order.

      1.      This Agreed Protective Order shall govern the disclosure and use of Confidential Information produced in connection with this litigation. All information which is or has been produced or discovered in this litigation, regardless of whether designated confidential, shall be used solely for the prosecution or defense of this litigation unless the information is available to the general public without a breach of the terms of this Agreed Protective Order. The measures designated by the parties in this Agreed Protective Order are reasonable and will not prejudice or unduly burden the Court.

      2.      This Agreed Protective Order is necessary to preserve the legitimate proprietary interests of sources of information and establishes a procedure for disclosing Confidential Information to the parties in this litigation, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidential designations.

      3.      By entering into this Agreed Protective Order, the parties do not intend to waive any objections raised in response to discovery, nor does this Agreed Protective Order in any way obligate any party to produce any specific documents or records in the future which a party deems inappropriate for production.

4. This Agreed Protective Order is intended to preserve and maintain confidential and proprietary business information of Defendants, specifically personnel information, account information, company financial information, and internal company documents regarding personnel decision making not known to the general public, the disclosure of which could cause serious injury or damage to Defendants. This Agreed Protective Order is also intended to protect personal, private information, such as individual medical records or financial records. This Agreed Protective Order also preserves and protects any confidential and proprietary information that may be discovered or produced through the inspection of any party's electronic data regardless of where stored, including through the inspection of any personal or business computer by any party's expert. This Agreed Protective Order may also pertain to additional records of a proprietary nature which will be specifically designated by the disclosing party or as they are determined by that party or to fall within the protections of this Agreed Protective Order.

5. Any documents produced subject to the terms of this Agreed Protective Order shall be considered "Confidential" and shall be given confidential treatment as described below. All documents produced subject to this Agreed Protective Order shall be designated or stamped "CONFIDENTIAL."

6. As used herein, the following definitions shall apply:

   a. "Confidential Information" or "Confidential" means any information or documents (regardless whether in electronic or hard copy format) that:

      (i) is personal or private or confidential information relating to

3
Case 5:12-cv-00324-FL   Document 17   Filed 11/01/12   Page 3 of 13

any Defendants' employees, managers, or agents, such as personal financial information, social security numbers, personal medical information; and,

(ii) shall be deemed proprietary business information including but not limited to customer information including names and addresses and contact information, customer sales history and account information, company bonus structure information, company sales information, and pricing, rebates, discounts, plans, strategies, and costs information not known to the general public.

7. Confidential documents or information shall not be exhibited, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than in conjunction with the above-captioned litigation. Except as provided for in this Agreed Protective Order, the parties shall keep all documents or information covered by the terms of this Agreed Protective Order from all persons as provided for by the terms of this agreement.

8. Neither the receiving party nor its representatives shall disclose documents designated as Confidential, other than to the following persons:

a. The Court (including any agent of the Court and any appellate court) and any court reporter used during depositions;

b. All attorneys for the parties in this action, including in-house attorneys, and their assistants, associates, paralegals, clerks, stenographic personnel, those individuals specifically acting at the

direction of counsel whose assistance is necessary to assist such counsel in the preparation or trial of this action;

c. Plaintiff Marilyn S. Cook;

d. Employees of Defendants having involvement with, or assisting in the defense of this action;

e. Independent experts and consultants retained by any party whose assistance is necessary for the preparation of trial of this specific action; and

f. Witnesses for each party provided that such witnesses expressly agree to comply with the terms of this Agreed Protective Order and provided that such witnesses shall be allowed to review the CONFIDENTIAL documents or information, but shall not be provided with copies of the CONFIDENTIAL documents or information.

This Agreed Protective Order permits the parties and their designated representatives to view documents or information designated as CONFIDENTIAL exclusively for purposes of this litigation; however, the parties and their designated representatives are precluded from sharing and/or disclosing that information to anyone other than their designated counsel of record in this action. Accordingly, the parties and their designated representatives expressly agree to maintain the confidentiality associated with those documents designated as CONFIDENTIAL and agree that they will not disclose or otherwise share such information with anyone other than their designated counsel of record in this action at any time either during the pendency of this action or subsequent to the conclusion of the litigation. To the extent CONFIDENTIAL documents are used as

exhibits or attachments to any filing with the Court in the above-captioned litigation, the party so using the CONFIDENTIAL documents in accordance with paragraphs 11 – 14 of this Agreed Protective Order.

9. Disclosure shall be made to persons identified in Paragraph 8 above only as necessary for this litigation, and only after the person to whom disclosure is made has been informed of the Agreed Protective Order, and for the individuals described in Paragraph 8(c)-(f) only after the individual has agreed in writing to be bound by the Agreed Protective Order, by signing the form of acknowledgment attached to this Agreed Protective Order as Exhibit A - Acknowledgment. The terms of this Agreed Protective Order shall be explained to such persons by the persons disclosing the confidential material or information it contains. The executed acknowledgment shall be retained by counsel disclosing the confidential material or information. Confidential information shall not be disclosed to any person in any manner not specified in this Agreed Protective Order.

10. Protective Orders are covered in Rule 26(c) of the Federal Rules of Civil Procedure, which provides in pertinent part, "Upon motion by a party . . . the court may make any order which justice requires to protect a party . . . including one or more of the following . . . (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." The courts have recognized that protective orders are proper to protect things other than just trade secrets.

11. In accordance with Local Rule 79.2 and consistent with *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988),

"[E]ach time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of the competing interests in access; (d) the reason why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

12. When a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order."

13. The Court, prior to ruling on any motion to seal, will provide the public notice of the motion and a reasonable opportunity to challenge the motion. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or where applicable, the Court will notify persons present in courtroom proceedings of the motion. The Court will only rule favorable on a motion to seal after carefully weighing the interest advanced by the movant and those interests

favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

14. The attorneys of record, where practicable, shall make reasonable efforts to redact Confidential Information contained within documents produced under this Agreed Protective Order and file such redacted copies for the public record.

15. Nothing in this Agreed Protective Order shall be construed as precluding a party from seeking additional protection from the Court against the disclosure or production of any other confidential information, including an order that such information not be disclosed or that it be disclosed only in a designated manner. If the Court agrees with the person or party challenging confidentiality and/or permits disclosure, the disclosing person or party shall pay the reasonable attorney's fees incurred as a result of the challenge.

16. Nothing in this Agreed Protective Order precludes or limits a party from viewing its own confidential documents or information.

17. The use of CONFIDENTIAL documents or information at trial or hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the parties to comport with the Court's pre-trial or pre-hearing filing deadlines.

18. The agreement of the parties to this Agreed Protective Order shall not be construed as an agreement or admission: (i) that any material or document designated as confidential is, in fact, confidential; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as confidential; or (iii) with respect to the authenticity, competency, relevance or materiality of any document or thing

designated as confidential.

19. Any party may challenge any designation of CONFIDENTIAL Information by giving written notice to the other party (which notice shall specify with particularity the challenged document or other matter). Within ten business days of receipt of such notice, the party must determine whether to withdraw the designation. If the designation is withdrawn, the party or third party shall give written notice of the change and shall substitute undesignated copies of the items. If the designation is not withdrawn, the party making the challenge may file a motion with the Court with respect thereto. The parties agree that, before seeking any relief from the Court, they will make a good faith effort to resolve any disputes concerning the appropriate treatment of such materials. Until this Court enters an Order resolving the Motion, the materials shall be treated in accordance with their initial designation.

20. If a party fails to designate information as CONFIDENTIAL at the time of its production, the party shall have thirty days thereafter in which to correct its failure. For good cause shown, a party may correct such a designation after thirty days. Such correction, and notice thereof, shall be made in writing, accompanied by substitute copies of each affected item or document, designated as described above.

21. If either party discloses to a receiving party information that is privileged or otherwise immune from discovery, the party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived a privilege or immunity. It is further agreed that the receiving party will return such produced item or items of information and all copies thereof within ten

days of discovery by the receiving party of documents that, based on objective criteria, reasonably appear to be privileged, or receiving a written request for the return of such item or items of information, whichever occurs first. The party having returned such produced item or items of information may thereafter seek production of any such documents in accordance with the Federal Rules of Civil Procedure; provided that the party seeking discovery may not assert waiver as a basis for production.

22. A party shall designate all other Confidential Information disclosed during any deposition in this matter as CONFIDENTIAL by notifying all parties either during the deposition or, in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which contain Confidential Information. Each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in its possession, custody or control.

23. Nothing shall prevent disclosure beyond the terms of this Agreed Protective Order if any party expressly consents to such disclosure, either in writing or in the record of any proceeding in this litigation, or if the Court, after notice to all affected parties, orders such disclosure.

24. The attorneys of record are responsible for employing reasonable measures to control access to and distribution of confidential items.

25. Upon the termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.

26. Upon written request by counsel for the disclosing party or person, the party or witness having received any documents or information subject to this Agreed

Protective Order shall return or destroy these items at the close of this litigation, including any appeal, at the option of the disclosing party. The written request from the disclosing party shall come within forty-five (45) days following the close of this litigation. The responding party or person shall respond fifteen (15) days thereafter either by returning the documents or indicating the destruction of those documents.

The parties, by their respective representatives, hereby agree and stipulate to each of the terms and conditions as set forth in the foregoing Agreed Protective Order.

## COURT APPROVAL

IT IS SO ORDERED.

DATED this  1st   day of   November  , 2012.

_Louis W. Flanagan_
Honorable Louis W. Flanagan
United States District Judge


**PRESENTED BY**:


This the 31st day of October, 2012

/s/ Stewart W. Fisher
Stewart W. Fisher (N.C. Bar No. 10327)
GLENN, MILLS, FISHER & MAHONEY, P.A.
Post Office Drawer 3865
Durham, North Carolina 27702-3865
Telephone: (919) 683-2135
Facsimile: (919) 688-9339
E-mail: sfisher@gmfm-law.com
ATTORNEYS FOR PLAINTIFF

/s/ Susan P. Dion
Bruce M. Steen (N.C. Bar No. 30222)
Susan P. Dion (N.C. Bar No. 28032)
McGUIREWOODS LLP
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Telephone: (704)373-8951
Facsimile: (704)353-6162
E-mail: bsteen@mcguirewoods.com
sdion@mcguirewoods.com
ATTORNEYS FOR DEFENDANTS

# EXHIBIT A - ACKNOWLEDGMENT

I, _____ [print your name], have received and read a copy of the Joint Agreed Protective Order attached to this Acknowledgment and entered into in the matter of *Marilyn S. Cook v. Bank of America Corporation and Merrill Lynch, Pierce, Fenner & Smith, Inc.,* Civil Action No. 5:12-CV-00324-FL in the Eastern District of North Carolina, Western Division, and I agree to abide by the terms contained in it. I understand that all Confidential Information shall not be disclosed pursuant to the terms of this Agreed Protective Order and that all such information must be returned to the producing party following the resolution of this case.

I also agree to be subject to the jurisdiction of the Eastern District of North Carolina for purposes of enforcing this Acknowledgment and associated Agreed Protective Order, including contempt of court citation or other appropriate sanctions for any violation thereof.

DATE:_____   Signed:_____

Name Printed:_____